FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 APR -2 AM 11:01

LORETTA G. WHYTE
CLERK

USAO #2000Z00031

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| v. | * | NO. 00-0412 |
| PATRICIA A. EVANS FARR | * | SECTION: "T"(4) |

\* \* \*

## PETITION FOR RULE TO SHOW CAUSE

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America and moves pursuant to 28 U.S.C. § 3205(c)(6) for an order requiring Mallette Law Firm, P.L., garnishee, to answer the Writ of Garnishment, to show cause why it did not answer the Writ of Continuing Garnishment served upon it on October 4, 2001, and to withhold the defendant's property as required by the Writ of Garnishment.

1. On April 18, 2000, judgment was entered in favor of the United States of America and against defendant, Patricia A. Evans Farr for the sum of $5,150.10, interest accruing on $4,876.70 at the rate of 8 percent per annum or the daily rate of $1.07 from December 7, 1999, to date of judgment, and interest from date of

1

DATE OF ENTRY
APR 3 2002

judgment until paid in full at the Treasury bill rate, 28 U.S.C. § 1961; the costs of this proceeding, and a surcharge of 10% of the total amount of the debt pursuant to 28 U.S.C. § 3011.

2. Pursuant to its continuing effort to collect on its judgment, the United States of America instituted garnishment proceedings pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205, against the defendant through August 31, 2001.

3. On October 4, 2001, Mallette Law Firm, P.L. was served with a Writ of Continuing Garnishment commanding it to answer the writ within ten days of service.

4. Garnishee, Mallette Law Firm, P.L. was served with the writ and no answer has been filed, nor has it informed the court or counsel for the United States of any reason why it could not or should not comply with the writ.

5. Section 3205(c)(6) provides that:

> If a garnishee fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. If the garnishee fails to appear, or appears and fails to show cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings). The court may award a reasonable attorney's fee to the United States and against the garnishee if the writ is not answered within the time specified therein and a petition requiring the garnishee to appear is filed as provided in this section.

6. When the garnishee, Mallette Law Firm, P.L., failed to file an answer, the United States filed a previous Petition for Rule to Show Cause (Rec. Doc. 11) on January 11, 2002. A hearing on the rule to show cause was scheduled on February 13, 2002.

7. On February 13, 2002, Jim Mallette of the Mallette Law Firm, contacted the court concerning the hearing. A conference call was held, and Mr. Mallette advised the court that he would submit payment in full to the United States within two weeks. (Rec. Doc. 13). As of this date over 45 days after agreeing to submit payment in full, no payment has been received.

WHEREFORE, the United States prays that pursuant to 28 U.S.C. § 3205(c)(6), this court issue an order requiring the garnishee, Mallette Law Firm, P.L., to:

a. Appear before this court to answer the Writ of Garnishment;

b. Show cause why it did not answer the Writ of Garnishment within the time specified; and

c. Withhold all nonexempt property (including nonexempt disposable earnings) owned by or owed to the defendant, Patricia F. Evans Farr, in its possession or which may come into its possession pending further order of this court.

The United States further prays that it be awarded reasonable attorney's fee due to Mallette Law Firm, P.L.'s failure to answer the writ of garnishment in the time specified and prior to the filing of this petition.

The United States further prays that it be awarded reasonable attorney's fee due to Mallette Law Firm, P.L.'s failure to answer the writ of garnishment in the time specified and prior to the filing of this petition.

The United States further prays that should Mallette Law Firm, P.L. fail to appear, or appears and fails to show cause why it failed to answer the Writ of Garnishment, that the court enter judgment against Mallette Law Firm, P.L. for the value of the judgment debtor's nonexempt interest in the property (including nonexempt disposable earnings) being held by Mallette Law Firm, P.L.

        Respectfully submitted,

        JIM LETTEN
        UNITED STATES ATTORNEY

        _____
        ENEID A. FRANCIS (5816)
        Assistant United States Attorney
        Chief, Civil Division
        Hale Boggs Federal Building
        501 Magazine Street, 2nd Floor
        New Orleans, Louisiana  70130
        Telephone:  (504) 680-3060

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| v. | * | NO. 00-0412 |
| PATRICIA A. EVANS FARR | * | SECTION: "T"(4) |

\* \* \*

## ORDER

Considering the petition of the United States of America for an order directing Mallette Law Firm, P.L., garnishee, to show cause;

IT IS HEREBY ORDERED that Mallette Law Firm, P.L. appear through its authorized representative on _April 29th_, 2002 at _11:00_ a.m. before Magistrate Judge ~~Louis Moore, Jr.~~ KAREN WELLS ROBY, 501 Magazine Street, Room B431, Hale Boggs Federal Building, New Orleans, Louisiana to answer the Writ of Garnishment served on it by the United States Marshal on October 4, 2001, and show cause why Mallette Law Firm, P.L. did not answer the Writ of Garnishment within the time specified.

IT IS FURTHER ORDERED that Mallette Law Firm, P.L. immediately withhold all nonexempt property (including nonexempt disposable earnings) owned by or owed to the defendant, Patricia A. Evans Farr, in its possession or which may come into its possession pending further order of this court.

Service of this Order shall be made through the United States Marshal.

New Orleans, Louisiana, this ___3___ day of April, 2002.

_____
UNITED STATES MAGISTRATE JUDGE